HARDIMAN, Circuit Judge,
dissenting.
I join the majority’s opinion for the panel in all respects save one: I would affirm the District Court’s summary judgment in favor of Smith on Young’s Fourteenth Amendment Equal Protection claim, which is based on a sexually hostile environment.
As my colleagues note, Young was personally offended by Smith’s “unorthodox teaching style,” Maj. Typescript at 2-3, so there is no dispute that she satisfied the subjective component of her claim. The question is whether Young satisfied the objective component, which requires that a reasonable person would agree that the conduct is “objectively severe or pervasive.” Saxe v. State Coll. Area Sch. Dist., 240 F.3d 200, 205 (3d Cir.2001). The “standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a ‘general civility code.’ ” Faragher v. City of Boca Raton, 524 U.S. *138 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)). The purpose of this demanding standard is to “filter out complaints attacking ‘the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.’ ” Id. (quoting Barbara Lindemann & David Kadue, Sexual Harassment in Employment Law 175 (1992)).
Only an environment “ ‘permeated with discriminatory’ intimidation, ridicule, and insult” will satisfy the onerous standard for a hostile environment. Nat’l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116, 122 S.Ct. 2061, 158 L.Ed.2d 106 (2002) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). Relevant factors include: “the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee’s work performance.” Harris, 510 U.S. at 23, 114 S.Ct. 367. The social context of alleged sexual harassment is also an important factor. For example, the Supreme Court has noted that a football coach does not create a hostile environment by slapping a player on the buttocks, even though the same behavior would be abusive in an office setting. Oncale, 523 U.S. at 81, 118 S.Ct. 998 (1998). “[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)” fall short of the sexually hostile environment threshold. Faragher, 524 U.S. at 788, 118 S.Ct. 2275 (internal quotation marks and citation omitted). The Supreme Court has emphasized that the “conduct must be extreme[.]” Id. (emphasis added).
Though the majority correctly describes the demanding standard to establish a sexually hostile environment, it backslides when applying that standard. The majority concludes that Smith’s classroom environment could make a female teenager “feel uncomfortable” and could cause “discomfort.” Maj. Typescript at 7. But that is not enough, as the District Court’s thorough analysis makes clear. See Young v. Pleasant Valley Sch. Dist., 2012 WL 1827194, at *12-*16 (M.D.Pa. May 18, 2012). I find no error in the District Court’s opinion, and the majority has not explained where the District Court went astray. Accordingly, I would affirm the judgment in its entirety.